```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


DIXIE BREWING COMPANY, INC.                        CIVIL ACTION

VERSUS                                             NO. 13-6605

DEPARTMENT OF VETERANS AFFAIRS,                    SECTION: "F"
ET AL.
```

ORDER AND REASONS

Before the Court are the VA's motion to dissolve the temporary restraining order issued by the state court before removal to this Court; Dixie Brewing Company's motion for a preliminary and permanent injunction; and Dixie's motion to remand. For the reasons that follow, the VA is DISMISSED, its motion is DENIED as moot, and Dixie's motion to remand is GRANTED in part and DENIED in part.

Background

This dispute arises out of the contentious ongoing construction of the Louisiana State University-Veterans Affairs Medical Center located in the New Orleans Mid-City neighborhood; the plan is to replace Charity Hospital and the downtown New Orleans VA Medical Center.

The construction of the LSU-VA Medical Center has been plagued with hostility and dispute, in part because of LSU's expropriation of approximately thirty-five acres of land in Mid-City for the new medical complex. The City of New Orleans, LSU, and the VA entered

-1-

into numerous agreements in which LSU agreed to invoke "quick-take" authority under Louisiana Revised Statute § 19:141 to assist New Orleans in making land available to the VA for its development of the medical center:  LSU would expropriate the required land for both the LSU and VA sections of the complex, and then LSU would transfer a portion of the land to the VA.  The designated area for the VA hospital is bordered by Galvez Street, Rocheblave Street, Canal Street, and Tulane Avenue.  The Dixie Brewery Building, which at one time brewed the local Dixie beer, is located on a parcel at the corner of Rocheblave Street and Tulane Avenue.[1]  The Dixie property was not originally included in LSU's expropriation efforts; but in February 2010, the site was added to the land slated for expropriation, spurring a torrent of state-court activity ever since.

On April 29, 2010, LSU filed a petition in state court for access to the Dixie Brewery Building for the purpose of inspecting and evaluating the property to make the obligatory just compensation offer.  The petition was granted, and, after inspection, LSU tendered an offer of compensation to Dixie, which Dixie rejected.  On February 16, 2011, Dixie filed its first petition for a declaratory judgment, temporary restraining order,

---

[1] Hurricane Katrina significantly damaged the Dixie Brewery Building, rendering the property wholly unusable.  Notably, Dixie Brewing has not used the building post-Katrina, and the company currently brews Dixie beer in Wisconsin.

and injunctive relief in state court to prevent LSU from expropriating the Dixie parcel.  The temporary restraining order was granted and subsequently dissolved on February 25, 2011; LSU's exception was upheld and the suit was dismissed with prejudice. Dixie did not seek appellate review.  On February 25, 2011, relying on its quick-take authority, LSU filed a petition for expropriation of the Dixie parcel in state court, which was granted.  LSU took possession of the Dixie property the same day, and ultimately transferred the property to the VA.  Months later, however, on June 3, 2011, Dixie filed a motion to dismiss LSU's petition for expropriation in state court, challenging the constitutionality of LSU's quick-take authority.  For reasons unknown, the motion has yet to be ruled on and it appears no hearing date has been set.

 Approximately six months later, on January 27, 2012, Dixie filed another petition for a preliminary and permanent injunction in state court, requesting that the court prevent LSU from entering into an agreement to transfer the Dixie property to any third parties, including the VA, without first offering it for resale back to Dixie.  LSU filed exceptions of no cause and no right of action, and Dixie's state-court petition was denied on February 7, 2012.  Dixie gave LSU notice of its intent to apply for a supervisory writ, but failed to do so.  On October 12, 2012, Dixie again filed a petition for a preliminary and permanent injunction in state court to prevent LSU from entering into an agreement to

transfer the Dixie property to any third parties, including the VA, without first offering it for resale back to Dixie.  LSU filed its exception of res judicata, and, again, Dixie's petition was denied with prejudice on November 16, 2012.[2]

On March 12, 2013, Dixie sued the VA, Clark Construction Group, LLC, and McCarthy Building Companies, Inc. in this Court,[3] invoking federal question and diversity of citizenship jurisdiction, and once again seeking a temporary restraining order and a preliminary and permanent injunction.  The Court denied Dixie's request for a temporary retraining order, finding that Dixie failed to fulfill the requirements under Rule 65 of the Federal Rules of Civil Procedure.  LSU moved to intervene on March 21, 2013, alleging that Dixie's complaint is "inextricably interwoven" with LSU's expropriation and subsequent transfer of the Dixie property, and Magistrate Judge Sally Shushan granted the motion, allowing LSU to intervene.  The Court then considered Dixie's motion for a preliminary and permanent injunction, and denied the motion and dismissed the case for lack of jurisdiction.[4]  Specifically, the Court found that it had neither federal question

---

[2] Dixie appealed to the Louisiana Fourth Circuit, which affirmed the district court's order on December 4, 2013.

[3] The VA had contracted with Clark and McCarthy for the demolition of the Dixie property.

[4] Dixie Brewing Co. v. U.S. Dep't of Veterans Affairs, No. 13-461, 2013 WL 2557108, at *2 (E.D. La. June 10, 2013).

nor diversity jurisdiction over the case, and that the VA was entitled to sovereign immunity.

On December 6, 2013, upon learning that certain demolition activities were scheduled for December 9, 2013, Dixie filed still another petition for a temporary restraining order and a preliminary and permanent injunction in state court to prevent any action toward the demolition of the Dixie Brewery Building pending final judgment in the expropriation action.  Dixie named as defendants the Department of Veterans Affairs; the Board of Supervisors for Louisiana State University and Agricultural and Mechanical College; McCarthy Building Companies, Inc.; Cycle Construction Co., LLC; Concrete Busters of Louisiana, Inc.; and the Clark Construction Group, LLC.[5]  On December 9, 2013, the VA removed the suit to this Court; however, minutes before the VA filed its notice of removal, the state court granted a temporary restraining order pending a hearing on the request for a preliminary injunction.[6]

Now before this Court are the VA's motion to dissolve the temporary restraining order issued by the state court before removal; Dixie's motion for a preliminary and permanent injunction

---

[5] Dixie now alleges that the VA has contracted with McCarthy, Cycle, Concrete Busters, and Clark for the demolition of the Dixie property.

[6] The state court scheduled a hearing for December 18, 2013. The TRO is set to expire on December 19, 2013.

to prevent the demolition of the old Dixie Brewery Building; and Dixie's motion to remand.

I.

A.

The VA contends that this Court has the authority to dissolve the temporary restraining order issued by the state court before removal.  Under 28 U.S.C. § 1450, upon removal, "[a]ll injunctions, orders, and other proceedings, had in [a state court] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."  Under Fed. R. Civ. P. 65(b)(4), the party against whom a temporary restraining order is issued may move to dissolve or modify the order, and the court must then promptly hear and decide the motion.  The motion to dissolve is treated like a motion for reconsideration, and should be granted where the temporary restraining order was improperly issued.  See id.  Under Fed. R. Civ. P. 65(b)(1), a temporary restraining order is properly issued, without notice to the adverse party, only where:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

B.

Dixie contends that this Court should issue a preliminary and permanent injunction preventing demolition of the former Dixie

Brewery Building pending final resolution of the expropriation action in state court.  It is well settled that a "preliminary injunction is an extraordinary remedy that should not be granted unless the party seeking it has clearly carried the burden of persuasion."  Bluefield Water Ass'n v. City of Starkville, Miss., 577 F.3d 250, 253 (5th Cir. 2009) (quoting Lake Charles Diesel, Inc. v. Gen. Motors Corp., 328 F.3d 192, 196 (5th Cir. 2003)); see also Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (noting that preliminary injunctions are "extraordinary and drastic" forms of judicial relief that should not be granted absent "a clear showing"); PCI Transp., Inc. v. Fort Worth & W. R.R. Co., 418 F.3d 535, 545 (5th Cir. 2005). The Court can issue an injunction only if the movant shows:

    (1)   a substantial likelihood of prevailing on the merits;

    (2)   a substantial threat of irreparable injury if the injunction is not granted;

    (3)   the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and

    (4)   the injunction will not disserve the public interest.

Ridgely v. Fed. Emergency Mgmt. Agency, 512 F.3d 727, 734 (5th Cir. 2008).

"Speculative injury is not sufficient [to make a clear showing of irreparable harm]; there must be more than an unfounded fear on the part of the applicant." Holland Am. Ins. Co. v. Succession of

Roy, 777 F.2d 992, 997 (5th Cir. 1985); see Wis. Gas Co. v. Fed. Energy Regulatory Comm'n, 758 F.2d 669, 674 (D.C. Cir. 1985) ("[Irreparable] injury must be both certain and great; it must be actual and not theoretical."). Where the injury is merely "financial" and "monetary compensation will make [the plaintiff] whole if [the plaintiff] prevails on the merits," there is no irreparable injury. Bluefield, 577 F.3d at 253. But when the nature of economic "rights makes 'establishment of the dollar value of the loss . . . especially difficult or speculative,'" a finding of irreparable harm is appropriate. Allied Mktg. Grp., Inc. v. CDL Mktg., Inc., 878 F.2d 806, 810 n.1 (5th Cir. 1989) (quoting Miss. Power & Light Co. v. United Gas Pipe Line Co., 760 F.2d 618, 630 n.12 (5th Cir. 1985)).

*C.*

Dixie also contends that removal was improper and the case should be remanded. A defendant may generally remove a civil action filed in state court if the federal district court has original jurisdiction over the case—that is, if the plaintiff could have brought the action in the federal district court from the outset. See 28 U.S.C. § 1441(a). However, a federal officer or agency sued in state court can remove the action even though the federal district court would not have otherwise had subject matter jurisdiction. 28 U.S.C. § 1442(a)(1). Although the plaintiff challenges removal, the defendant carries the burden of showing the

propriety of the court's jurisdiction. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). If at any time before final judgment the court concludes that removal was improper, the case must be remanded. 28 U.S.C. § 1447(c).

## II.

The Court need not address the merits of the VA's motion to dissolve, or Dixie's motion for a preliminary and permanent injunction, because the VA must be dismissed as a party based on sovereign immunity and Dixie's claims against the other defendants should be remanded.

### A.

The VA contends that it must be dismissed from this action based on sovereign immunity. The Court agrees. "The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress."[7] Block v. North Dakota, 461 U.S. 273, 287 (1983). The Fifth Circuit mandates that "a waiver of sovereign immunity must be specific and explicit and cannot be implied by construction of an ambiguous statute." Petterway v. Veterans Admin. Hosp., Hous., Tex., 495 F.2d 1223, 1225 n.3 (5th Cir. 1974). Dixie fails to identify any statute that waives the VA's sovereign immunity in this case. Dixie is simply wrong in its contention that the Federal Torts Claims Act, 28

---

[7] It is not disputed that the VA is an agency of the United States and is entitled to sovereign immunity unless its immunity from suit has somehow been waived as a matter or law.

U.S.C. § 1346(b)(1), waives the VA's sovereign immunity in this case; § 1346(b)(1) authorizes certain claims against the United States itself, not federal agencies like the VA. <u>Galvin v. Occupational Safety & Health Admin.</u>, 860 F.2d 181, 183 (5th Cir. 1988)("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit. . . . Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction.").[8]

*B.*

Dixie seeks remand, contending that removal was improper and that this Court lacks subject matter jurisdiction. In fact, the VA properly removed this lawsuit pursuant to 28 U.S.C. § 1442(a)(1). Section 1442 governs removal of suits against federal officers or agencies. It provides:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>    (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

---

[8] Moreover, the FTCA by its terms applies to suits for money damages, not requests for injunctive relief. 28 U.S.C. § 1346(b)(1).

-10-

Id.  Notably, § 1442 allows removal of the entire case, not just the claims against the federal officer or agency.  IMFC Prof'l Servs. of Fl., Inc. v. Latin Am. Home Health, Inc., 676 F.2d 152, 158 (5th Cir. 1982).

Although removal was plainly proper, it does not, however, follow that remand is inappropriate.  28 U.S.C. § 1447(c) allows remand based on events occurring after removal.  See IMCF, 676 F.2d at 160.  Where a suit against a federal agency is properly removed but the agency is then dismissed, "§ 1442(a)(1), through its creation of an ancillary jurisdiction, confers discretion on the district court to decline to exercise continued jurisdiction." Id. at 156.  Although a court is not automatically divested of jurisdiction over the remaining state-law claims, it may in its discretion decline to exercise continued jurisdiction, and, instead, order remand.  Id.  Accordingly, the VA's dismissal from this case leaves the Court with the discretion to remand the remaining claims against the other defendants.

The Court finds that remand is appropriate.  This story is a local one only.  A heated one, but a local one.  Dixie's request for injunctive relief is anchored to its contention that LSU's expropriation and transfer of the old Dixie Brewery Building violates the Louisiana Constitution.  The merits of this case must be resolved in state court, where the expropriation action remains

pending, and where the tortuous history of this dispute has resided for years.[9]

Accordingly, Dixie's motion to remand is GRANTED as to the claims against the nonfederal defendants, and DENIED as moot as to the claims against the VA, which are DISMISSED based on the VA's sovereign immunity. The VA's motion to dissolve the temporary restraining order is DENIED as moot. Dixie's claims against the remaining defendants are hereby remanded to the Civil District Court for the Parish of Orleans.

      New Orleans, Louisiana, December 18, 2013

      _____
      MARTIN L. C. FELDMAN
      UNITED STATES DISTRICT JUDGE

---

[9] Apart from § 1442(a)(1), the abstention doctrine also provides grounds for remand. See IMFC, 676 F.2d at 160.